## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

05 MAY 18 PM 12:30

**DONALD HYNES,**

    **Plaintiff,**

v.                                **CIV 04-0555 LAM/KBM**

**DONA ANA COUNTY, NEW MEXICO,**
**and MAJOR CHRIS BARELA, in his official**
**capacity as the Acting Administrator of the**
**Dona Ana County Detention Center,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss and for Summary Judgment* (*Doc. 31*). In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed the motion. *Defendants' Memorandum in Support of Motion to Dismiss with Prejudice and for Summary Judgment* (*Doc. 32*), *Plaintiff's Response to Defendant's [sic] Motion to Dismiss with Prejudice and For Summary Judgment* (*Doc. 35*). Defendants' *Reply to Plaintiff's Response to Defendant's [sic] Motion to Dismiss and for Summary Judgment* (*Doc. 44*), all of the pleadings on file in this matter, all attachments and exhibits thereto, and relevant law. For the reasons set forth below, the Court **FINDS** that the motion is well-taken and should be **GRANTED,** for Plaintiff's failure to exhaust available administrative remedies, and that *Plaintiff's Original Complaint* (*Doc. 1*) should be **DISMISSED WITHOUT PREJUDICE.**



## Background

Plaintiff, who is an inmate proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. *Plaintiff's Original Complaint (Doc. 1)*, ¶ 2. During the time period relevant to his claims, Plaintiff was incarcerated as a federal pre-trial detainee at the Doña Ana County Detention Center (hereinafter, "DACDC") in Las Cruces, New Mexico. *Plaintiff's Original Complaint (Doc. 1)*, ¶ 1; *Defendants' Answer to Plaintiff's Original Complaint (Doc. 6)*, ¶ 1. Defendant Doña Ana County operates DACDC. *Id.* Defendant Barela is, or has been, the acting administrator of DACDC. *Id.*

Defendants' motion seeks dismissal of Plaintiff's claims pursuant to FED.R.CIV.P.12(b)(6) for failure to exhaust prison administrative remedies with respect to his claims or, in the alternative, summary dismissal pursuant to FED. R. CIV. P. 56(c) on the same grounds. Because Defendants' motion requires consideration of factual material outside the pleadings, the Court will treat the motion as one for summary judgment. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004). Additionally, because Plaintiff was represented by counsel when Defendants' motion and Plaintiff's response to the motion were filed, the Court concludes that this case is not subject to the requirements articulated in *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991), regarding notice to *pro se* litigants of the complex procedural issues involved in summary judgment proceedings.[1]

---

[1]Although Plaintiff is now *pro se*, his counsel did not withdraw from this case until after Plaintiff's response to Defendants' motion was filed on October 18, 2004. Plaintiff's counsel did not withdraw until almost one month later on November 12, 2004. *See Order Allowing Current Counsel of Record to Withdraw and Allowing Plaintiff an Additional Thirty Days to Seek Counsel or [sic] Deemed to be Proceeding Pro Se (Doc. 40)*.

Plaintiff's claims in this action allege the following:

1.      On or about December 19, 2003, Plaintiff was attacked and beaten by other inmates in his cell block at DACDC and suffered resulting sinus and skull depression fractures. Prior to this incident, Plaintiff had advised guard officers at DACDC that he was in danger in his cell area because gang members were harassing and threatening him. Despite actual notice that he was in danger, the guard officers willfully, intentionally and deliberately failed to move Plaintiff to another area where he would be safe. Additionally, while Plaintiff was being attacked by the other inmates, the guard officers stood by and watched and took no action to protect Plaintiff or lessen his injuries. These actions denied Plaintiff his right to reasonable protection pursuant to the Fourteenth Amendment to the United States Constitution.[2] ***Plaintiff's Original Complaint*** (*Doc. 1*), ¶¶ 3, 5.

2.      Although Plaintiff was seen and treated by medical personnel at DACDC on December 19, 2003, he was not taken to a hospital until the morning of December 23, 2003. This delay caused Plaintiff physical pain and suffering and made his condition worse. These actions denied Plaintiff his right to reasonable and necessary medical care pursuant to the Fourteenth Amendment to the United States Constitution.[3] ***Plaintiff's Original Complaint*** (*Doc. 1*), ¶¶ 4, 6.

---

[2]A prisoner has the right to be reasonably protected from constant threats of violence from other inmates, and a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment to the United States Constitution. *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). The Court assumes, without deciding, that Plaintiff asserts an Eighth Amendment violation in connection with his claim that Defendants failed to provide him with reasonable protection.

[3]Under certain conditions, the denial or delay of medical treatment to a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The Court assumes, without deciding, that Plaintiff asserts an Eighth Amendment violation in connection with his claim that Defendants delayed taking him to a hospital.

3.     The foregoing actions were the result of a continuing pattern of conduct and of a policy, custom, procedure and practice of refusing to move pre-trial detainees to a safe location after being notified of threats of harm and bodily injury, and of denying pre-trial detainees reasonable and necessary medical care and attention.  Additionally, the DACDC guards were insufficiently trained, supervised, and disciplined in the requirements of providing a reasonably safe place in which to house pre-trial detainees, there was no procedure at DACDC to timely and properly assess pre-trial detainees to determine their medical problems and needs, and there was insufficient staff at DACDC to attend to the needs of pre-trial detainees.  *Plaintiff's Original Complaint* (*Doc. 1*), ¶¶ 7, 8.

4.     For relief, Plaintiff seeks monetary damages, attorneys' fees and costs, and such other relief to which he may be entitled.  *Plaintiff's Original Complaint* (*Doc. 1*), at 6.

### Legal Standards

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if, under governing law, it could have an effect on the outcome of the lawsuit.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact-finder could return a verdict for the nonmoving party.  *Id. at 248*.  In considering a motion for summary judgment, the Court must examine the factual record and all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *First Unitarian Church of Salt Lake City v. Salt Lake City Corp.*, 308 F.3d 1114, 1120 (10th Cir. 2002), *cert. denied*, 539 U.S. 941 (2003).

The moving party has the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986);

*Simms v. Oklahoma ex rel. Dep't. of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir. 1999), *cert. denied*, 528 U.S. 815 (1999).[4] Only then does the burden shift to the nonmoving party to come forward with evidence demonstrating that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not avoid summary judgment by resting on mere allegations or denials in his pleadings. *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the nonmoving party must make specific reference to evidence in the record and demonstrate the manner in which that evidence supports his claims. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported, conclusory allegations do not create a genuine issue of material fact. *See* FED. R. CIV. P. 56(e); *United States v. Simms*, 129 F.3d 1386, 1388-89 (10th Cir. 1997). A nonmoving party must come forward with specific facts demonstrating that there is a genuine issue of material fact for trial. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 558 (10th Cir. 2001).

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (hereinafter, "PLRA"), a prison inmate is required to exhaust available administrative remedies before suing over prison conditions, regardless of whether the prisoner is suing for injunctive relief or money damages. *Booth v. Churner, et al.*, 532 U.S. 731, 741 (2001).[5] Even where available

---

[4]In doing so, a movant that does not have the burden of persuasion at trial "need not negate the nonmovant's claim. . . . [but] may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

[5]The relevant provision of 42 U.S.C. 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

administrative remedies would appear to be futile at providing the kind of remedy sought, a prisoner must exhaust available administrative remedies. *Id.* at 741, n. 6; *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). This exhaustion requirement applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is designed to: (1) allow prison officials an opportunity to resolve the inmate's complaint; (2) filter out some frivolous claims; and (3) create an administrative record to facilitate the review of cases eventually brought to court. *Id.* at 525.

The prisoner has the burden of affirmatively showing exhaustion, not the defendant. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004). Moreover, if the prisoner fails to demonstrate that he exhausted available administrative remedies before filing his action, dismissal of his claims is mandatory. *Booth v. Churner, et al.*, 532 U.S. 731, 741 n.6 (2001); *Steele*, 355 F.3d at 1211. The prisoner must plead exhaustion in his complaint and describe his efforts to exhaust prison administrative remedies. *Steele*, 355 F.3d at 1209-1210. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under [42 U.S.C.] § 1997e." *Id. at* 1211 (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)). To ensure compliance with 42 U.S.C. § 1997e, "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Steele*, 355 F.3d at 1211. In the Tenth Circuit, the exhaustion requirement in 42 U.S.C. § 1997e(a) is one of "total exhaustion," meaning that the presence of any unexhausted claims in a prisoner's complaint under 42 U.S.C. § 1983 ordinarily

6

requires a court to dismiss the prisoner's entire lawsuit without prejudice. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189-1190 (10th Cir. 2004).[6]

Courts have recognized, however, that the PLRA exhaustion requirement, by its own terms, only applies to administrative remedies that are "available." 42 U.S.C. § 1997e(a). Accordingly, the requirement does not apply if prison officials prevent an inmate from participating in an administrative grievance process or thwart his participation. *See Fitzgerald v. Corrections Corp. of America*, ___ F.3d ___, 2005 WL 827139, *4 (10th Cir. 2005) (noting that prisoner's claims may fail on remand unless he offers evidence of exhaustion, or of the absence of a grievance procedure to exhaust, or that he was prevented from utilizing whatever administrative procedure was available); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003), *cert. denied*, 125 S. Ct. 344 (2004) (noting absence of any allegation that prisoner was prevented from participating in prison grievance process).

### Analysis

In their motion for summary judgment, Defendants contend that Plaintiff failed to exhaust available administrative remedies with respect to his claims. Defendants assert that there is a grievance procedure for prisoner complaints at DACDC, that each inmate, when booked, is given a handbook which contains a copy of the grievance procedure, and that Plaintiff never filed a grievance at DACDC related to the incident that gave rise to this lawsuit. *See Defendants'*

---

[6]As the Tenth Circuit noted in *Ross v. County of Bernalillo*, there is an exception to the exhaustion requirement in 42 U.S.C. § 1997e(c)(2) for any claim that "is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." These claims may be dismissed without first requiring the exhaustion of administrative remedies. *Ross v. County of Bernalillo*, 365 F.3d at 1190.

*Memorandum in Support of Motion to Dismiss with Prejudice and for Summary Judgment* (*Doc. 32*), at 2.

In support of their motion, Defendants have submitted the affidavit of Nancy Madden, the Classifications Officer at DACDC. *Affidavit of Nancy Madden, Exhibit 1 to Defendants' Memorandum in Support of Motion to Dismiss with Prejudice and for Summary Judgment* (*Doc. 32*). This affidavit states that it is Ms. Madden's duty to keep records of prisoner grievances at DACDC; that each inmate is given a handbook with a detailed outline of the grievance procedure when booked; that DACDC accepts as grievances prisoner complaints written on grievance forms or on a wide range of other materials; that after diligently searching her files she has found no complaint or grievance filed by Plaintiff pertaining to the incident of December 19, 2003, in which he was injured; and that the only grievance ever filed by Plaintiff was filed in October of 2003, and does not pertain to the incident of December 19, 2003.[7]  *Id.*  Defendants have also submitted an excerpt from what they describe as the "policies and procedures manual" at DACDC which contains a description of the inmate grievance process at DACDC.[8]  *Reply to Plaintiff's Response to*

---

[7] A copy of this grievance form, in which Plaintiff complains about his unit being placed on "lock down" for one week, is attached to Ms. Madden's affidavit as Exhibit A.

[8] The grievance procedure described in this document defines grievable matters and establishes a formal grievance procedure for inmates to use to "formally file complaints about facility conditions, treatment, policies, and procedures." *Reply to Plaintiff's Response to Defendant's [sic] Motion to Dismiss and for Summary Judgment (Doc. 44), Exhibit B.*  Grievable matters include "decisions regarding . . . medical care . . . [i]ndividual employee actions, including any denial of access of inmates to the grievance procedure other than as provided [in the document]." and "[a]ny other matter relating to conditions of care or supervision within the authority of the Dona Ana County Detention Center except as noted [in the document]." *Id. at ¶ 1.*  If a matter is grievable, and after attempting informal resolution, there are three steps in the formal grievance procedure: (1) filing a written grievance on a Detention Center Inmate Grievance Form with the facility Grievance Officer or the Module Officer who will forward it to the Grievance Officer; (2) issuance
(continued...)

8

***Defendant's [sic] Motion to Dismiss and for Summary Judgment*** *(Doc. 44), Exhibit B.* On the basis of this evidence, and the record as a whole, Defendants contend that there is an absence of evidence that Plaintiff exhausted DACDC's administrative remedies with respect to his claims and, therefore, summary judgment should be entered in their favor pursuant to 42 U.S.C. § 1997e(a).

      Significantly, Plaintiff's complaint in this action fails to allege that he exhausted administrative remedies with respect to his claims, and his complaint is silent on the subject of exhaustion. ***Plaintiff's Original Complaint*** *(Doc. 1).* In his response to Defendants' motion, Plaintiff contends that he did file several grievances with DACDC and, as a result, that there is a genuine issue of material fact as to his exhaustion of administrative remedies making summary judgment inappropriate. More specifically, Plaintiff's response alleges that he filed fifteen grievances between the months of September, 2003, and January, 2004, and that copies of these grievances were missing when he returned from the hospital in December of 2003, and when he was transported to Estancia in January of 2004. ***Plaintiff's Response to Defendant's [sic] Motion to Dismiss with Prejudice and for Summary Judgment*** *(Doc. 35),* at 1-2. Plaintiff's response provides no other information about these grievances or their dispositions, and it fails to allege that any of these grievances concerned the incident which gave rise to his claims. Thus, on the face of

---

(...continued)
of a written decision on the grievance by the Grievance Officer, following his investigation; and (3) if the inmate is not satisfied with the decision of the Grievance Officer, filing an appeal to the Captain of Detention who will render a written decision on the grievance appeal which is the final level of appeal for grievances. *Id. at* ¶¶ *3-4.* The grievance procedure sets time limits for filing grievances and provides that a separate grievance form must be filed for each issue grieved. *Id. at* ¶ *4(k).* The grievance procedure also requires that a grievance log be created and maintained by the Grievance Officer, that completed grievances be maintained for three years following final disposition, and that all new inmates be informed of the grievance procedure upon entry to the facility. *Id. at* ¶¶ *7 and 9.*

Plaintiff's complaint and his response to Defendants' motion, Plaintiff has failed to submit evidence,

by affidavit or otherwise, demonstrating the presence of a factual dispute on the issue of exhaustion

of administrative remedies, and Plaintiff's response provides only conclusory allegations in response

to Defendants' motion.[9]

---

[9]Plaintiff's response to Defendants' motion refers to "Plaintiff's Affidavit, marked "Exhibit
A." *Plaintiff's Response to Defendant's [sic] Motion to Dismiss with Prejudice and/or Summary
Judgment* (*Doc. 35*) at 1. However, no affidavit was attached to the response that was filed with the
Court and the Court was unable to obtain an affidavit from Plaintiff's former counsel who prepared
and filed the response. Counsel for Defendants has provided the Court with a copy of a document
purporting to be an affidavit of Plaintiff dated August 24, 2004. This document was served on
Defendants with Plaintiff's response and a copy is attached to this Memorandum Opinion and Order.
However, this document fails to show that Plaintiff exhausted DACDC's administrative remedies
with respect to his claims in this lawsuit, or that he was somehow prevented from utilizing the
DACDC grievance procedure with respect to his claims. First, although the document states that
Plaintiff filed fifteen grievances with DACDC between September of 2003, and January of 2004,
all of are now missing, it does not allege that any of these grievances concerned the incident that is
the subject of his claims. Second, while the document states that officers at DACDC confiscated
Plaintiff's grievances, and implies that this was done to prevent Plaintiff from pursuing grievances
and/or to deprive him of proof that he filed grievances, the document does not allege that any of the
confiscated grievances concerned the incident that gave rise to Plaintiff's claims or provide any
information about the grievances that were confiscated. Third, although the document suggests that
Plaintiff may have been deterred from filing grievances because he believed that the DACDC
grievance procedure was futile, the apparent futility of a prison's administrative grievance procedure,
in and of itself, does not excuse an inmate's failure to utilize the procedure. *See Jernigan v. Stuchell*,
304 F.3d 1030, 1032 (10th Cir.2002) ("Even where the 'available' remedies would appear to be futile
. . . the prisoner must exhaust the administrative remedies available."). Without a more specific
description of the grievances that he claims to have filed, or of DACDC's alleged interference with
his efforts to file or pursue grievances, Plaintiff's purported affidavit fails to allege sufficient facts
to withstand Defendants' motion. *See Fitzgerald v. Corrections Corp. of America*, No. 03-5029,
2005 WL 827139 at *7 (10th Cir. April 11, 2005) ("[S]ummary judgment cannot rest on purely
conclusory statements either in pleading or affidavit form."). *quoting Morgan v. Willingham*,
424 F.2d 200, 201 (10th Cir. 1970). Nor does it satisfy the requirement that to successfully allege
exhaustion, "[a] prisoner must: (1) plead his claims with 'a short and plain statement . . . showing
that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of
the applicable administrative dispositions to the complaint, or, in the absence of written
documentation, describe *with specificity* the administrative proceeding and its outcome.'"
*Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *quoting
Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (*emphasis added*).

Defendants have submitted evidence that a formal grievance procedure was available to Plaintiff at DACDC. *Affidavit of Nancy Madden, Exhibit 1 to* ***Defendants' Memorandum in Support of Motion to Dismiss with Prejudice and for Summary Judgment*** (*Doc. 32*), at 1; *Reply to Plaintiff's Response to Defendant's [sic] Motion to Dismiss and for Summary Judgment (Doc. 44), Exhibit B.* Defendants' evidence further shows that Plaintiff submitted only one written grievance while he was incarcerated at DACDC which did not concern the December, 2003, incident which gave rise to his claims. *Affidavit of Nancy Madden, Exhibit 1 to* ***Defendants' Memorandum in Support of Motion to Dismiss with Prejudice and for Summary Judgment*** (*Doc. 32*). Thus, Defendants have satisfied their initial summary judgment burden of showing that there is an absence of evidence that Plaintiff exhausted available administrative remedies at DACDC. This shifts the burden to Plaintiff to demonstrate a genuine issue of fact for trial on the issue of exhaustion.

In support of his position, Plaintiff submitted only his response to Defendants' motion, alleging that he filed fifteen grievances with DACDC between September of 2003, and January of 2004, which are missing. ***Plaintiff's Response to Defendant's [sic] Motion to Dismiss with Prejudice and For Summary Judgment*** (*Doc. 35*), at 1-2. Plaintiff's response was not verified and no affidavits were filed with the response. The response fails to allege that the missing grievances were related to Plaintiff's claims and provides no other information about the missing grievances or their dispositions. Nor does the response allege that Plaintiff was prevented from filing grievances about his claims or that an administrative grievance procedure was unavailable to him at DACDC. Thus, on the basis of his response, the Court finds that Plaintiff has failed to satisfy his summary judgment burden and show that there is a genuine issue of material fact on the issue of whether Plaintiff exhausted available administrative remedies concerning his claims. Accordingly,

11

Defendants' motion for summary judgment should be granted for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997(e)(a).

Regarding the dismissal of Plaintiff's claims, the Court notes that Defendants seek to have Plaintiff's claims dismissed with prejudice instead of without prejudice. *See **Reply to Plaintiff's Response to Defendant's [sic] Motion to Dismiss and for Summary Judgment*** (*Doc. 44*), at 6. Defendants seem to argue that Plaintiff's claims should be dismissed with prejudice because Plaintiff was represented by counsel when this lawsuit was filed, and also because the parties have submitted materials outside the pleadings for consideration in connection with Defendants' motion. On this issue, the Court will follow Tenth Circuit precedent holding that unexhausted prisoner claims under 42 U.S.C. § 1983 should ordinarily be dismissed without prejudice. *See, e.g., Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004) (dismissal of prisoner's § 1983 prison conditions claims based on lack of exhaustion should ordinarily be without prejudice); *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (affirming dismissal without prejudice of *pro se* prisoner's § 1983 claim for failure to exhaust administrative remedies even though claim may have been time-barred under prison's administrative grievance procedure). Accordingly, the Court will dismiss Plaintiff's claims without prejudice, leaving open the possibility that in a subsequent action Plaintiff may be able to offer evidence not submitted in this case that he exhausted available administrative remedies with respect to his claims or was somehow prevented from doing so.

12

## Conclusion

Plaintiff has failed to demonstrate that there is a genuine issue of fact on the issue of whether he exhausted available administrative remedies at DACDC with respect to his claims. Accordingly, pursuant to 42 U.S.C. § 1997e(a), Defendants' motion should be granted for Plaintiff's failure to exhaust available administrative remedies, and Plaintiff's complaint should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Dismiss and for Summary Judgment* (*Doc. 31*) is **GRANTED**, for Plaintiff's failure to exhaust available administrative remedies with respect to his claims, and this lawsuit should be **DISMISSED WITHOUT PREJUDICE**. A final order, dismissing this lawsuit **WITHOUT PREJUDICE**, will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_Lourdes A. Martinez_
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

MAR-23-2005 13:43 FROM: HOLT & BABINGTON 5055240726    Case 2:04-cv-00555-LAM-KBM  Document 56   Filed 05/18/05  Page 14 of 16    P:2/4

OCT-20-2004 10:41  FROM:MARIO ESPARZA 15055266449                    TO:5240726              P:2/4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD HYNES
    Plaintiff,

-VS-                        CASE No. CIV-04-555-KBM/LAM

DONA ANA COUNTY,
New Mexico, et. al
    Respondents.

## AFFIDAVIT

COMES NOW the Plaintiff DONALD HYNES through counsel MARIO A. ESPARZA Attorney at Law in the above cause and respectfully submits this Affidavit on behalf of the administrative grievances that was filed, on the medical staff, and Property officer at Dona Ana County Detention Center.

1. That in the month of September of 2003, to January of 2004. I Donald Hynes the Plaintiff filed (15) grievances, by which upon transport to the Hospital in December of 2003 to Memorial Medical in Las Cruces, my Property was tampered with as well as my legal work. concerning these said grievances became missing.

2. That in January of 2004 I was once again transported in custody of the Department of Corrections to Estancia. Torrance County. More of my grievances became missing that I once had in my possession along with the rest of my property.

(1)

MAR-23-2005 13:43 FROM:HOLT & BARTON Case 2:04-cv-00555-LRN-RBM 5055240726 Document 56 Filed 05/18/05 TO:5240726 Page 15 of 16 P:3/4

OCT-28-2004 10:41 FROM:MARIO ESPARZA 15055256449 TO:5240726 P:3/4

3. It is a fact that all of my Srievances slowly become unaccounted for, due to the officers on duty; routinely confiscating my grievances to eliminate my administrative attempts, to solve the issues concerning my medical discrepencies; as well as the chicaverism of various officers confiscating my grievances. Furthermore leaving me no record to prove that such administrative remedies was sought.

4. I Donald Hymes the plaintiff further state that I have continuously tried to exhaust my administrative remedy by filing a grievance. However the administrators never respond to grievances appropriately. Instead of responding they hold on to the grievances that is submitted only to throw them away and dismiss the grievance as frivolous. Every grievance that I filed I was forced to write (2) copies. One copy to be submitted and the second copy for my records. This same said second copies are the copies that became confiscated, and later thrown away.

## CONCLUSION

This method by the detention center administrators as well as the brass members of security continue in this pattern, leaving other similiar situated prisoners no record that inmates attempted to exhaust their administrative remedies.

I Donald Hymes have nothing to illustrate to this Honorable Court by which it is my constitutional right to illustrate that I attempted to exhaust my administrative remedies by filing an institutional grievance; as well as the right for prisoners to petition the government for redress

of their grievances. (Bands vs Smith 430 U.S 817, 97 S. Ct 1971 52 L.Ed.2d 72 (1977).

Respectfully Submitted,

Donald Hynes Plaintiff

I Donald Hynes the Plaintiff certify that the above statements in this AFFIDAVIT are true and correct.

SWORN AND SUBSCRIBED to me on this 24 th day of August 2004.

NOTARY PUBLIC

MY COMMISSION EXPIRES 3/14/2005

OFFICIAL SEAL
Linda Thiessen
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 3/14/2005